IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN LITTLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-00669-PX |
| EQUIFAX INFORMATION SERVICES, LLC, | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is the motion for judgment on the pleadings filed by Defendant Equifax Information Services, LLC ("Equifax"). ECF No. 11. The time for responding to the motion has passed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS Defendant's motion and DISMISSES the Amended Complaint (ECF No. 8) with prejudice.

**I.    Background**[1]

This case concerns Plaintiff Ryan Little's credit report issued by Defendant Equifax. Little filed suit against Equifax in the Circuit Court for Montgomery County, Maryland on January 4, 2022, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* ECF No. 4. On March 18, 2022, Equifax timely noted removal to this Court. ECF No. 1.

After Equifax moved to dismiss his original Complaint, ECF No. 6, Little amended his Complaint as of right, ECF No. 8. The allegations in the Amended Complaint read in their entirety:

---

[1] The Court construes the averred facts in the light most favorable to Plaintiff Ryan Little. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

> During my personal investigation of my Consumer Report on March 29, 2018, I found inaccurate and negative information being reported by the defendant on my report. I contacted them again October 21, 2021, via an Affidavit of Cease and Desist and Affidavit of Truth. Also, I made a complaint with the (CFPB) Consumer Financial Protection Bureau and the (FTC) Fair Trade Commission of the violations. On October 28, 2021, I sent an Affidavit of Debt Validation in which the defendant was not able to provide proof of validation of any alleged debt, contract bearing my wet signature, or the account ledger of the transaction via Affidavit. On November 15, 2021, the defendant was made aware that they were found in fault and sent an Affidavit of Fault and an Opportunity to Cure. In which the defendant was unable to respond properly by Affidavit. On December 14th the defendant was given notice of default via Affidavit of Default with an Affidavit of Fee Schedule/Invoice attached. All proof of this information has been witnessed by Public Notary and the Post Office via registered mail and return receipt.

ECF No. 8 at 3–4. From this, the Amended Complaint alleges generally that Equifax violated the FCRA, the FDCPA, and Little's "personal rights." *Id.* at 2.

Equifax answered the Amended Complaint and moved for judgment on the pleadings. ECF Nos. 9 & 11. This Court has notified Little more than once of his right to respond to the motion. ECF Nos. 17 & 19. Little has failed to substantively respond, although he did file two "affidavits of fact," which discuss his membership in the Moorish Nation and his contention that, based on such membership, federal laws do not apply to him. ECF Nos. 18 & 20. For the following reasons, Equifax's motion is granted, and the Amended Complaint is dismissed with prejudice.

**II.     Standard of Review**

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is reviewed under the same standard used to assess Rule 12(b)(6) motions to dismiss. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002); *see also Demetry v. Lasko Products, Inc.*, 284 F. App'x. 14, 15 (4th Cir. 2008). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of*

*Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *Ibarra*, 120 F.3d at 474.

To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Little proceeds pro se, the Court must read his pleadings charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).  A complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).  Even when a motion to dismiss is uncontested, the Court maintains an independent obligation to evaluate the merits of the motion before granting it. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n. 3 (4th Cir. 2014).

### III. Analysis

#### A. FCRA Claim

Equifax contends that its motion must be granted because the Amended Complaint only vaguely alleges that Little's credit report included "inaccurate and negative information," which alone fails to state a claim. ECF No. 11-1 at 4–5. Most charitably read, the Amended Complaint seems to be pressing violations of Sections 1681e and 1681i of the FCRA. Section 1681e requires credit reporting agencies like Equifax to "follow reasonable procedures to assure maximum possible accuracy" in their reporting. 15 U.S.C. § 1681e(b). Likewise, Section 1681i requires credit reporting agencies to follow certain procedures in the event that a consumer disputes the accuracy of information on his credit report. 15 U.S.C. § 1681i. To plausibly aver a violation of either section, a plaintiff must allege specific facts showing that the credit agency reported inaccurate information and failed to follow the proper procedures. *See Young v. Experian Info. Sols., Inc.*, No. TDC-22-1057, 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022); *McCray v. Equifax Consumer Servs., LLC,* No. RDB-18-0994, 2018 WL 4634195, at *3 (D. Md. Sept. 27, 2018).

The Amended Complaint is wholly devoid of facts making either claim plausible. *See Hinton v. Trans Union LLC*, 654 F. Supp. 2d 440, 450–51 (E.D. Va. 2009) (finding that plaintiff failed to state a Section 1681e or 1681i claim because he failed to specify what information in his credit report was inaccurate). Moreover, even if the Court construes the "cease and desist demand" as incorporated into the Amended Complaint by reference,[2] the correspondence merely lists several "department of education" debts that Little generally maintains should not be reported because they are "closed." ECF No. 10-1 at 13. But nothing makes plausible that

---

[2] Little included the "cease and desist demand" in his first "Affidavit of Fact." ECF No. 10-1 at 13.

Equifax inaccurately reported those debts or otherwise failed to follow proper procedure under the FCRA. *See McCray*, 2018 WL 4634195, at *3 (finding that even though plaintiff specified the section of his credit report that was inaccurate, he still failed to make plausible "why or how" the information was inaccurate). The claims, therefore, fail as a matter of law.

The Amended Complaint also suggests that Equifax violated the FCRA by not providing "validation" of the debt via a "contract bearing [his] wet signature" or an "account ledger of the transaction." ECF No. 8 at 3. Perhaps Little is attempting to allege a violation of Section 1681g of the FCRA, which requires credit reporting agencies to disclose certain information to consumers upon request. 15 U.S.C. § 1681g. However, because the FCRA does not require credit reporting agencies to provide original copies of contracts or other loan documents, any alleged violation turning on the failure to provide a copy of a contract with a "wet signature" or an "account ledger" also necessarily fails. *See Whiteford v. Equifax Inc.*, No. 21-94, 2021 WL 3683293, at *3–4 (W.D. Pa. Aug. 18, 2021). Judgment on the pleadings is granted as to the FCRA claim.

### B. FDCPA Claim

Equifax next argues that to the extent the Amended Complaint attempts to plead an FDCPA violation, Equifax, as a credit reporting agency, is simply not subject to suit under this statute. ECF No. 11-1 at 5–6. Equifax is correct. Although the factual bases for this claim are near impossible to understand, the analysis is straightforward. The FDCPA regulates the conduct of debt collection agencies, requiring the agencies to provide certain information in a written notice to consumers who request validation of a debt. 15 U.S.C. § 1692g. But "credit reporting agencies are not debt collectors." *Lewis v. Maryland*, No. PWG-17-1636, 2018 WL

5

1425977, at *4 (D. Md. Mar. 22, 2018).  Thus, whatever Equifax did or did not report, it simply cannot constitute an FDCPA violation.  The claim must be dismissed.

### C.  Dismissal with Prejudice

Because Little has failed to state any claims upon which relief can be granted, judgment on the pleadings in favor of Equifax is proper.  The Court must next decide whether to dismiss the Amended Complaint with or without prejudice.  If a plaintiff abandons claims by failing to respond to a dispositive motion, those claims are subject to dismissal with prejudice.  *See Lewis*, 2018 WL 1425977, at *4.  Alternatively, dismissal with prejudice is warranted where further amendment would be futile.  *See Al-Sabah v. World Bus. Lenders, LLC*, No. SAG-18-2958, 2020 WL 3868989, at *9 (D. Md. July 9, 2020).

Here, Little failed to respond to Equifax's motion despite being afforded multiple opportunities to do so, and so he abandoned his claims.  *See* ECF Nos. 17 & 19.  Moreover, the two inscrutable affidavits he did file do little more than espouse the teachings of the "American Moorish" movement.  *See* ECF Nos. 18 & 20.  Insofar as the affidavits bear any relation to this matter, they reflect Little's view that the Court lacks "jurisdiction" over him.  *Cf. Bond v. N.C. Dep't of Corr.*, No. 14-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (noting universal rejection of "arguments . . . by individuals who claim that they are not subject to the laws of the United States or the individual States by virtue of their 'Moorish American' citizenship").  When considering the entirety of Little's filings, allowing further amendment to the pleadings would be futile.  For these reasons, the Amended Complaint is dismissed with prejudice.

## IV. Conclusion

Based on the foregoing, the Court grants Equifax's motion for judgment on the pleadings and dismisses the Amended Complaint with prejudice. A separate Order follows.

12/29/2022
Date

/S/
Paula Xinis
United States District Judge